615 A.2d 33

**Patricia J. TREMBACH, Appellee,**

v.

**John P. TREMBACH, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 18, 1992.

Filed Aug. 7, 1992.

Reargument Nunc Pro Tunc Denied Oct. 2, 1992.

Arthur M. Wilson, Washington, for appellant.

Phillip J. Binotto, Jr., Washington, for appellee.

Before OLSZEWSKI, JOHNSON and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order of the Court of Common Pleas of Washington County dated May 29, 1991, which denied exceptions to the court's equitable distribution. This case is before this Court on a second appeal after remand. For the reasons which follow, we reverse.

The parties to this divorce action were married in 1970 and separated in 1986. The divorce was bifurcated from equitable distribution, and a divorce decree was entered in 1989. The issues raised in this appeal surround equitable distribution. Equitable distribution was heard by a master, and exceptions were filed with the court of common pleas. Upon the denial of the exceptions, John P. Trembach filed his first appeal to this Court. That appeal resulted in a remand to the court of common pleas to determine the value of two pensions and to establish a ratio for the equitable distribution. *See* Order and Memorandum Opinion, dated May 9, 1990, Del Sole, Johnson and Ford Elliott, JJ. On remand, the court of common pleas carried out an evidentiary hearing and entered a second order establishing an equitable distribution. *See* Opinion and Order, dated December 26, 1990, Terputac, J. Exceptions were filed with the court of common pleas. Upon denial of the exceptions to the trial court's second order, John P. Trembach filed this appeal.

Initially appellant argues that the court of common pleas erred in addressing whether any rental obligation was due on the marital residence, because this issue was not properly before the court of common pleas on remand. Specifically, appellant has argued that appellee never raised the issue of rental value when taking exceptions to the master's report and, therefore, any issue regarding rental value was waived. We do not agree. The issue here is whether the court of common pleas exceeded its authority on remand. We find that the court of common pleas properly addressed the issue of rental value on remand.

To make a decision regarding the proper scope of the trial court's powers on remand, we initially look to the rules of appellate procedure.

## RULE 2591 PROCEEDINGS ON REMAND

(a) **General Rule.** On remand of the record the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter.

Under Rule 2591(a) the question concerns the effect of this Court's order and memorandum in the first appeal. In order to determine the effect of this Court's order, we must look to the language of our memorandum decision in the first appeal. Our prior memorandum provided in pertinent part:

In light of the fact that a procedure for valuing defined benefit and defined contribution plans exists, we conclude that the trial court would be best advised to recalculate the value of both parties' pension plans in accordance with the proper method of valuation. We note that the court did not express an equitable distribution ratio on the record. Based upon the foregoing, we vacate the trial court's order of equitable distribution and remand this case for further consideration consistent with this opinion.

Order reversed. Case remanded.

Memorandum Opinion, dated May 9, 1990, Del Sole, Johnson and Ford Elliott, JJ., at 8.

The prior order of this Court required that the lower court not only value the pension plans, but also determine a ratio for the equitable distribution. In this regard we find it relevant that although the master's report is entitled to great weight, it is the responsibility of the court to make the final equitable distribution. *Morschhauser v. Morschhauser,* 357 Pa.Super. 339, 516 A.2d 10 (1986). Further, the court of common pleas is entitled to deviate from the recommendation of the master regardless of whether an issue was raised by the parties in exceptions. *Id.* We find that it was within the power of the

trial court to consider rental value in order to determine the proper ratio for equitable distribution on remand as directed by this Court. Further, regardless of whether the issue was raised in exceptions, the trial court had the power to examine this issue.

▮ An additional difficulty in this case is that there was a final order entered. Pa.R.Civ.P. 1920.55(a) provides that matters not covered by exceptions are deemed waived, unless prior to the filing of the final decree, leave is granted to file further exceptions. The question with which we are presented is what is the effect of this rule where the court's final order has been vacated. Once the final order was vacated, there was no final order on which to base the operation of the rule. We find that once the final order was vacated, there was the opportunity to file a request for leave to file additional exceptions.[1] In this case there was no direct request for leave to file additional exceptions; rather, appellee filed a petition for the fair rental value of the former marital residence. While we do not condone appellee's failure to specifically request leave to file additional exceptions, we find that the trial court implicitly granted leave to file additional exceptions by considering and granting relief based upon the petitions.

We find that the issue of rental value was properly before the trial court.[2] We will therefore address the substantive question raised in this appeal.

▮ Appellant's single substantive issue in this appeal is whether the trial court properly determined the amount of

**1.** We note here that there existed only an opportunity to request leave to file additional exceptions, not an opportunity to file exceptions as of right.

**2.** We note here that there is an indication in the caselaw that the trial court is limited to the evidence presented to the master. *See Cunningham v. Cunningham*, 378 Pa.Super. 280, 548 A.2d 611 (1988). We have reviewed the transcript of the proceedings before the master and find that sufficient evidence was presented to the master to allow a decision on the issue of rental value. N.T., master's hearing, dated July 2, 1987. The trial court's decision on rental value did not require evidence beyond that presented at the master's hearing and, therefore, there is no issue regarding the trial court's having exceeded the evidence presented at the master's hearing.

rental value due. When reviewing the actions of the lower court in a divorce action, we are limited to a determination as to whether there was an abuse of discretion. *Wayda v. Wayda,* 395 Pa.Super. 94, 576 A.2d 1060 (1990). Although the master's report is entitled to great weight, the final responsibility of making the distribution rests with the court. Our review is thus based on the court's distribution of property. *Morschhauser v. Morschhauser,* 357 Pa.Super. 339, 516 A.2d 10 (1986). *See also Sutliff v. Sutliff,* 361 Pa.Super. 504, 522 A.2d 1144 (1987), *rev'd on other grounds,* 518 Pa. 378, 543 A.2d 534 (1988).

> We do not evaluate the propriety of the distribution order upon our agreement with the courts actions nor do we find a basis for reversal in the court's application of a single factor. Rather, we look at the distribution as a whole, in light of the court's overall application of the 401(d)[3] factors. If we fail to find an abuse of discretion, the [o]rder must stand.

*Sutliff,* 361 Pa.Super. at 521, 522 A.2d at 1152 (*citing Sergi v. Sergi,* 351 Pa.Super. 588, 506 A.2d 928 (1986); and *Semasek v. Semasek,* 331 Pa.Super. 1, 479 A.2d 1047 (1984)).

■ The factors to be considered in making an equitable distribution are set forth in 23 Pa.C.S.A. § 3502(a)(1)–(11). Our review of the lower court's distribution is necessarily limited to a determination of whether in light of the entire distribution, considering all the factors set forth by the legislature, an abuse of discretion occurred. In this case, the question is whether the trial court abused its discretion when calculating the rental value due. Because we find that the trial court did not properly calculate the rental value due, we reverse and remand.

■ The court of common pleas determined that appellee was entitled to rental value of $325.00 per month for the period May 1986 through December 1990, or a total of $18,525.00. The court based this calculation on the fact that the parties stipulated to a fair rental value of $450.00 before the

---

3. Former 23 P.S. § 401(d) has been codified at 23 Pa.C.S.A. § 3502(a).

master.[4]   The court then deducted one-half of the expenses paid by appellant to reach the rental credit due.   The question as raised by appellant is whether appellee was entitled to a credit for the entire rental value or whether appellee was only entitled to a credit for one-half of the rental value.   Further, appellant has argued that the trial court granted rental value for too great a period of time.

█   The caselaw in Pennsylvania has established that it is within the discretion of the trial court to grant rental value as a part of equitable distribution.   *Hutnik v. Hutnik*, 369 Pa.Super. 263, 535 A.2d 151 (1987);   *Gee v. Gee*, 314 Pa.Super. 31, 460 A.2d 358 (1983).   The award of rental value is within the sound discretion of the trial court.   *Hutnik*.   The basis of the award of rental value is that the party out of possession of jointly owned property (generally the party that has moved out of the former marital residence) is entitled to compensation for her/his interest in the property.   *Gee*, 314 Pa.Super. at 35, 460 A.2d at 360 n. 2.   In *Gee* and *Hutnik* this Court found that it was within the discretion of the trial court to award one-half of the fair rental value to the dispossessed party.

█   The question with which we are presented is how the court should calculate the rental credit.   A review of *Gee* and *Hutnik* reveals the proper procedure the court should follow. First, the general rule is that the dispossessed party is entitled to a credit for the fair rental value of jointly held marital property against a party in possession of that property, provided there are no equitable defenses to the credit. *Hutnik*, 369 Pa.Super. at 269, 535 A.2d at 154;   *Gee*, 314 Pa.Super. at 34, 460 A.2d at 360.   Second, the rental credit is based upon, and therefore limited by, the extent of the dispos-

4.  We note that we have reviewed the testimony from the master's hearings and have not found a stipulation to a rental value of $450.00. We have found a stipulation to a rental value between $400.00 and $425.00 in the notes of testimony from July 2, 1987.   The court of common pleas has not referred us to the place in the record where the stipulation occurred.   In light of our decision, the accuracy of the court of common pleas in this regard is irrelevant.   We make mention of this here only to bring it to the attention of the court of common pleas on remand.

sessed party's interest in the property. *Gee,* 314 Pa.Super. at 35, 460 A.2d at 360 n. 2. Generally, in regard to the marital home, the parties' have an equal one-half interest in the marital property. It follows, therefore, that in cases involving the marital home that the dispossessed party will be entitled to a credit for one-half of the fair rental value of the marital home. Third, the rental value is limited to the period of time during which a party is dispossessed and the other party is in actual or constructive possession of the property. *See id.* Fourth, the party in possession is entitled to a credit against the rental value for payments made to maintain the property on behalf of the dispossessed spouse. *Hutnik,* 369 Pa.Super. at 269, 535 A.2d at 154. Generally, in regard to the former marital residence, payments made on behalf of the dispossessed spouse will be one-half of the expenses including debt service on the property. This is so because equity places a presumption upon the dispossessed spouse of responsibility for expenses to the extent of her/his ownership interest which is generally one-half. Finally, we note that whether the rental credit is due and the amount thereof is within the sound discretion of the court of common pleas.

In this case it is clear that the court of common pleas abused its discretion by allowing appellee, the dispossessed party, a credit for the entire rental value of the former marital residence. The credit is simply not proportionate to appellee's interest in the former marital residence. The right to the credit is based upon compensating a dispossessed party for her/his interest in the property. Clearly, appellee does not have a one hundred percent interest in the marital residence. Appellee was entitled only to a credit up to the extent of her interest in the property.[5]

Appellant has further argued that the trial court granted appellee a credit for rental value during a period for which she was not entitled. Appellant has argued that appellee never requested a credit for the entire time she was dispossessed, but rather only requested a credit for a short period

5. We note here that the trial court properly offset the rental credit by one-half of the expenses paid by appellant. The court properly offset the expenses according to the respective interests of the parties.

after September 1990. As was stated above, it is within the discretion of the trial court in reaching an equitable distribution to address issues regardless of whether those issues where raised in exceptions. *Morschhauser.* We believe that in light of our decision above, the trial court should address this issue on remand. Our review of the record indicates that under the analysis set forth above, the time period for which the trial court granted the rental credit was proper. It is possible, although unlikely, that appellee is not interested in a rental credit for the entire period during which she was dispossessed. We believe this issue should be addressed by the trial court on remand.

For the reasons set forth above, the order of the court of common pleas is reversed and this case is remanded for further proceedings on the limited issue of the rental credit for the former marital residence. The court of common pleas is directed to carry out what limited proceedings it deems necessary to settle this issue and to enter an appropriate order.

Reversed and remanded. Jurisdiction relinquished.

JOHNSON, J., concurs in the result.