**Tolley v. Tolley**

C.P. of Monroe County, no. 3592 CV 2000.

*Timothy B. Fisher,* for plaintiff.
*Barry J. Cohen,* for defendant.
*Robert C. Lear,* Divorce Master.

ZULICK, *J.,* August 2, 2006—Plaintiff, Carolyn Tolley (Wife), and defendant, Roy R. Tolley (Husband), were married on June 1, 1988. On May 20, 2000, Wife filed a complaint requesting a divorce, equitable distribution, counsel fees, costs, alimony, custody and child support. Husband filed an answer, new matter and a counterclaim. The parties filed affidavits of consent at the initial master's hearing on April 12, 2004.

The master filed a report on November 4, 2004. The parties both filed exceptions. On August 4, 2005, the Honorable Margherita Patti Worthington issued an order disposing of the parties' exceptions to the master's report. Wife's exception seeking counsel fees was granted and Husband was directed to pay her counsel fees in the amount of $9,038.27. Wife's petition to have Husband place the amount of her equitable distribution award, $325,675.08, in an escrow account in the names of both

Wife's attorney and Husband's attorney pending final distribution was granted, the rest of Wife's exceptions were dismissed. Husband's request for a hearing on the tax ramifications of the distribution of property was granted and the case was remanded to the master for a further hearing on September 6, 2005. The rest of Husband's exceptions were dismissed. The hearing on the tax ramifications before the master was held on January 12, 2006 after a number of continuances.

The master filed a supplemental report on January 30, 2006. At issue during the hearing on January 12, 2006 were the tax consequences of the sale or potential sale of two properties. The first was the sale of a condominium at 56 Stone Run Road in Bedminster, New Jersey, owned by Husband before the marriage and sold by him on September 24, 2004. The second was the proposed sale of the former marital residence at 30 Brook Trout Trail, Timber Trails, Pocono Pines, Monroe County, Pennsylvania. This property was awarded to Husband in the earlier master's recommendation; Husband listed this property for sale in September 2005 for $629,000, but it had not been sold at the time of the 2006 master's hearing. (NT 13.)

Wife and Husband filed timely exceptions to the master's report. They submitted briefs and oral argument was heard on June 5, 2006.

## FINDINGS OF FACT

(1) Husband and Wife married on June 1, 1988. They separated on May 1, 2000.

(2) The parties have two children, Jennifer, born December 19, 1990, and Ryan, born August 24, 1992.

(3) Wife has primary custody of the two minor children.

(4) Husband owned a townhouse at 56 Stone Run, Bedminster, New Jersey before the parties married. He lived there from the date of purchase in 1984 until 1988. He rented the townhouse from 1988 to 2002. From May 1, 2002 to September 24, 2004, Husband lived in the townhouse. (NT 7.)

(5) Husband sold the New Jersey townhouse on September 24, 2004 for $409,900.

(6) The parties resided in a home at 30 Brook Trout Trail, Pocono Pines, during the marriage. Husband received this property in equitable distribution under the court's order of August 4, 2005, and placed it on the market in September 2005, with a list price of $629,000. At the time of argument in this case, the property had not been sold.

(7) Husband had not filed his 2004 personal and corporate tax returns at the time of the hearing. He therefore had not yet taken the $250,000 tax exclusion for sale of a principal residence on the New Jersey townhouse. At the time of the hearing, he expected to take that exclusion. (NT 15.)

(8) Husband did not present expert testimony on the tax ramifications of the master's recommended scheme of equitable distribution. Instead, he offered defendant's exhibit R-3, a letter report from his certified public accountant, Ronald L. Binetti, to address the alleged tax

consequences of the sale of the Bedminster, New Jersey townhouse. He also offered defendant's exhibit R-4, a letter report from Mr. Binetti providing an estimate of possible taxes should the Pocono Pines property be sold. Both of these exhibits were admitted by the master over Wife's hearsay objection.

(9) The Pocono Pines, Pennsylvania property had not been sold at the time of the hearing. This property became Husband's principal residence after he sold the New Jersey property on September 24, 2004. Husband had to hold the Pennsylvania property as his principal residence for two years from the sale of his previous principal residence, the New Jersey townhouse, in order to qualify for the $250,000 principal residence exclusion. The two-year holding period will elapse on September 24, 2006.

## DISCUSSION

When evaluating the merit of the parties' exceptions to the master's recommendation, the court must first examine the master's report. In Pennsylvania, "a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *Moran v. Moran,* 839 A.2d 1091, 1095 (Pa. Super. 2003), citing *Simeone v. Simeone,* 380 Pa. Super. 37, 50, 551 A.2d 219, 225 (1988). However, "[i]t is advisory only, . . . and the reviewing court is not bound by it and it does not come to the court with any preponderate weight or authority which must be

overcome." *Rothrock v. Rothrock,* 765 A.2d 400, 404 (Pa. Super. 2000), citing *Arcure v. Arcure,* 219 Pa. Super. 415, 416, 281 A.2d 694, 695 (1971).

"[A]lthough the master's report is entitled to great weight, it is the responsibility of the court to make the final [equitable] distribution." *Trembach v. Trembach,* 419 Pa. Super. 80, 84, 615 A.2d 33, 35 (1992), citing *Morschhauser v. Morschhauser,* 357 Pa. Super. 339, 516 A.2d 10 (1986). In addition, the court must keep in mind the legislature's intent "to effectuate economic justice between the parties." *Perlberger v. Perlberger,* 426 Pa. Super. 245, 263, 626 A.2d 1186, 1196 (1993), citing 23 Pa.C.S. §3102(a)(6).

The parties each filed exceptions to the master's supplemental report and recommendation. I will first address Wife's exceptions, which contended that the master improperly admitted the letter reports of Ronald Binetti C.P.A., offered by Husband.

The additional master's hearing was scheduled due to Husband's exception requesting the court to consider the tax consequences of the sale of the real property awarded to him. The original master's recommendation simply awarded this real estate to Husband; it did not require him to sell these assets. Husband actually sold one of the properties, the Bedminster, New Jersey property, after the last master's hearing, but before the master's report and recommendation were filed. The master recommended that the New Jersey property become Husband's asset, but did not require its sale. Likewise, the master recommended that Husband receive the Pocono Pines property but did not direct its sale. As the master noted

in his supplemental report filed January 30, 2006, Husband was under no compulsion to sell anything.[1]

Despite the fact that the hearing was being provided to allow Husband the opportunity to present evidence on tax ramifications, Husband did not offer expert tax testimony. Instead, Husband offered two letter reports from his accountant. Defendant's exhibit R-3 was a letter report from Ronald L. Binetti, Husband's certified public accountant, which addressed the alleged tax consequences of the sale of the Bedminster, New Jersey townhouse. Husband also offered defendant's exhibit R-4, a letter report from Mr. Binetti, providing an estimate of possible taxes should the Pocono Pines, Pennsylvania property be sold. Both of these exhibits were admitted by the master over Wife's hearsay objection. This was error.

The accountant's written reports were hearsay under Pa.R.E. 801, which defines hearsay as follows:

"(c) Hearsay—'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

Hearsay is not admissible pursuant to Pa.R.E. 802, unless a hearsay exception applies, which is not the case

---

1. As noted by the master, Husband was under the obligation to pay Wife the sum of $325,675 to carry out the equitable distribution scheme. However, Husband could have obtained this cash from other sources, including by mortgaging real estate, that would not have required a sale.

here.[2] The master considered Mr. Binetti's calculations in making his determination that Wife share in the tax consequences. Wife's exception to the admission of these reports is granted.

The master's supplemental report adjusted Wife's share of equitable distribution by requiring her to accept $3,592.11 of the potential tax consequences of the sale of the Bedminster, New Jersey property.[3] The master recommended no adjustment for the potential sale of the Pocono Pines property.

The Pennsylvania Divorce Code provides in 23 Pa.C.S. §3502(a) that the court shall equitably divide the parties' marital property after consideration of relevant factors. One of these factors is found in subparagraph 10.1, which provides:

"(10.1) The federal, state, and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain."

The parties' last equitable distribution hearing before remand was held on June 3, 2004. While the parties waited for the master's recommendation, Husband took it upon himself to sell the Bedminster, New Jersey prop-

---

2. Husband did not argue at trial that a hearsay exception applied to the reports. Husband's counsel told him to bring his accountant as a witness, which Husband did not do. Husband testified that he thought his accountant could testify by telephone, but no such arrangements were made by Husband, his counsel or the master. (NT 11.)

3. Husband had not filed his 2004 U.S. tax return as of the time of the January, 2006 hearing, so his actual tax obligation had not been determined at that time.

erty, which was in part marital property, and to keep the proceeds of $409,900. The master calculated a tax consequence of $3,592.11 attributable to Wife's share of the marital proceeds of this sale in his supplemental report and recommended that Wife's share of distribution be lowered by that amount. A critical fact used by the master to make this determination was the basis assigned to this property in the improperly admitted report of Mr. Binetti. The master was presented with no other credible evidence relating to these facts. Therefore, the master's recommendation will not be followed. Husband, having not met his burden of proof on this issue, will be given no adjustment to Wife's share of this property for tax considerations.

Likewise, Husband is entitled to no adjustment for the "proposed" sale of the Pocono Pines property This property was owned by Husband before the marriage and was valued in the master's first report and recommendation at $204,000 in May 1988 (the date of the marriage), and at $285,000 in May 2000 (the date of separation), for an $81,000 gain during the marriage. The master referred to Husband's exhibit R-4 to determine the original cost of the land, house and improvements and the depreciation taken over the years. This was error, but I will not disturb his conclusion, because there is insufficient evidence in the record to make any determination of tax consequences for this asset.[4]

---

4. The master concluded that even if Husband sells this property in the near future, which is speculative, there would be no tax consequences because of the $250,000 principal residence exclusion of 26 U.S. §121.

I will next address Husband's exceptions:

1. *Husband contends that the master erred in calculating the portion of the tax that can be attributed to the marital relationship for the sale of the townhouse at 56 Stone Run, Bedminster, New Jersey, as the master did not consider both alternatives based on the Internal Revenue Service's ruling on whether the townhouse was Husband's principal residence at the time of sale.*

Husband's exception will be denied. Husband failed to provide evidence upon which the master could determine applicable tax consequences arising from the New Jersey real property sale. In addition to that lack of evidence, there was still a question at the time of the 2006 master's hearing of whether Husband would be entitled to the principal residence exclusion of $250,000. Husband had not filed his 2004 U.S. tax return at the time of the January 2006 hearing. Additionally, as the master noted in his report, it was Husband's decision to sell this property and create the tax issues.

Wife received IRA accounts as part of her share of marital property. If she elected to liquidate those accounts, she would have owed a penalty because she was not 59 1/2 years of age, in addition to having to pay income tax on the funds. No tax considerations were considered for her benefit on these assets, because she was not required to liquidate them.

The same holds true for Husband. He elected to sell this property and create tax consequences; the sale of the property was not mandated by the first master's report, and recommendation on equitable distribution. Further, a witness who could have provided insight on the likely

tax ramifications of this property sale, Husband's accountant, was not secured to appear at the time of the remand hearing. Husband failed to present sufficient evidence for consideration of this exception.

2. *Husband contends that the master erred in not considering the alternative that the sale of the property at 30 Brook Trout Trail, Timber Trails, Pennsylvania would not be subject to the $250,000 capital gain exclusion if that property were sold before September 24, 2006.*

The sale of the Pocono Pines property is currently a hypothetical sale. Although Husband has listed the property for sale, he may or may not sell it in the near future. In any event, Husband failed to meet his burden of proof on this issue by failing to present expert evidence on the property's basis and potential capital gain liability.

This exception is denied.

3. *Husband contends that the master erred in concluding that there would be no federal tax and/or Pennsylvania tax due on the hypothetical sale of 30 Brook Trout Trail as a result of incorrectly applying the $250,000 capital gain exemption leaving the potential gain of $203,457 subject to taxation.*

This exception is likewise denied because Husband failed to present admissible evidence upon which the master could consider potential tax ramifications of a sale of the Pocono Pines home. As noted above, this property has not been sold and, to the best of the court's knowledge, no sale is imminent. Should Husband sell the home, he alone shall bear any tax liability.

4. *Husband contends that the master erred in failing to admit evidence of Husband's deteriorated physical condition resulting from injuries sustained after the completion of the prior divorce hearings.*

On November 15, 2005, Husband filed a motion to expand the subject content of the testimony at the hearing on the limited topic of the tax ramifications of the sale of the two properties. Argument was held on this matter before the Honorable Margherita Patti Worthington. On December 7, 2005, Judge Worthington issued an order denying Husband's motion. This ruling is now the law of the case and will not be disturbed. "Under [the] law of the case doctrine, a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in the earlier phases of the matter." *Signora v. Liberty Travel Inc.,* 886 A.2d 284, 290 (Pa. Super. 2005). This exception is denied.

## ORDER

And now, August 2, 2006, upon consideration of plaintiff, Carolyn Tolley's (Wife) and defendant, Roy R. Tolley's (Husband) exceptions to the master's supplemental report and recommendations of January 30, 2006, it is ordered and decreed as follows:

(1) Wife's exceptions are granted.

(2) Husband's exceptions are denied.

(3) Carolyn Tolley, plaintiff and Roy R. Tolley, defendant, are divorced from the bonds of matrimony. The court retains jurisdiction of any claims raised by the par-

ties to this action for which a final order has not yet been entered. Any existing spousal support order shall hereafter be deemed an order for alimony pendente lite if any economic claims remain pending.

(4) All other provisions of this court's order of August 4, 2005 and the master's recommendations filed with this court on November 4, 2004 not inconsistent with this order are incorporated herein by reference and the parties are directed to comply with them.