J-S36009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TANIA SHADLE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT SHADLE | |
| Appellant | No. 1204 WDA 2014 |

Appeal from the Order June 24, 2014
In the Court of Common Pleas of Venango County
Civil Division at No(s): Civ No 1608-2011

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 21, 2015**

Appellant, Scott Shadle ("Husband"), appeals from the reconsidered order in equitable distribution entered June 24, 2014.  Husband argues that the trial court erred in distributing the marital estate, awarding an excessive period of alimony, and in awarding counsel fees to appellee, Tania Shadle ("Wife").  After an extensive review of the record, we affirm in all respects save the finding of contempt, which we reverse.

Husband and Wife were married in 1992, and the trial court found that they separated on November 22, 2011, after having three children together.  At the time of the final divorce hearing, the following facts were established.  Husband was 49 years old; Wife was 44.  Husband had a college degree in

_____

[*] Retired Senior Judge assigned to the Superior Court.

metallurgical engineering; Wife had a high school diploma. She had worked as a receptionist prior to becoming a stay-at-home mother in 1995.

Shortly thereafter, Husband became a licensed, registered engineer and began offering his professional engineering services. During the course of the marriage, Husband's professional practice thrived. Husband's average annual earnings reached approximately $100,000 during the period of 2009-2011. The parties accumulated several assets, including a mortgage free marital residence.

Wife filed a complaint in divorce on December 22, 2011, alleging an irretrievable breakdown in the marriage. During the pendency of this proceeding, Wife was diagnosed with stage II breast cancer, and was undergoing further testing. On November 14, 2013, the trial court entered an order of equitable distribution, to which Husband timely moved for reconsideration. Thereafter, on December 18, 2013, the trial court entered a decree granting divorce, and granted reconsideration of its order in equitable distribution. After receiving further testimony, the trial court entered a reconsidered order on June 24, 2014. Husband then filed this timely appeal.

On appeal, Husband raises five issues for our review. Husband's first three issues raise challenges to the trial court's weighting of the equities in distributing the marital estate. Our standard of review in equitable distribution matters is as follows.

> It is well established that absent an abuse of discretion on the part of the trial court, we will not reverse an award of equitable distribution. [In addition,] [w]hen reviewing the record of the proceedings, we are guided by the fact that trial courts have broad equitable powers to effectuate [economic] justice and we will find an abuse of discretion only if the trial court misapplied the laws or failed to follow proper legal procedures. [Further,] [t]he finder of fact is free to believe all, part, or none of the evidence and the Superior Court will not disturb the credibility determinations of the court below.

*Anzalone v. Anzalone*, 835 A.2d 773, 780 (Pa. Super. 2003) (citation omitted).

There is no simple formula by which to divide marital property; the method of distribution derives from the facts of the individual case. *See Gaydos v. Gaydos*, 693 A.2d 1368, 1376 (Pa. Super. 1997). In fashioning an equitable distribution award, the trial court must consider, at a minimum, the eleven factors set forth in 23 Pa.C.S.A. § 3502, Equitable division of marital property, (a) General rule. "The courts attempt to split property equitably, instead of equally, taking into consideration such factors as length of marriage, the contributions of both spouses, ages and health of each spouse." *Taper v. Taper*, 939 A.2d 969, 974 (Pa. Super. 2007) (citation omitted).

First, Husband contends that the trial court erred in awarding Wife an excessive portion of the marital estate. According to Husband's calculations, Wife received 90% of the marital estate. *See* Appellant's Brief, at 27.

Husband argues that the trial court failed to consider the appropriate factors, and therefore reached an unjust distribution of the estate.

The trial court acknowledges that Wife received "the lion's share" of the estate. Trial Court Opinion, 9/24/14, at 8. However, the trial court points to Wife's lack of education, marketable skills, and health as factors indicating that Wife does not have a significant opportunity to acquire assets and income in the future. *See id*., at 3. In contrast, the trial court found that Husband had a significant opportunity for future income and accumulation of assets. *See id*. The trial court also noted that Wife's health issues negatively impacted her ability to obtain future income or assets prior to retirement age. *See id*., at 3-4. "The award of the net marital assets to the wife [was] based on the totality of all circumstances as contemplated in § 3502 of the Divorce Code." *Id*., at 9.

The trial court was also troubled with Husband's priorities. *See id*., at 8. During the pendency of this action, Husband paid for a new Toyota Tundra for his employee for a purchase price of approximately $35,000. *See* N.T., Hearing, 5/15/13, at 66-69. Husband paid $10,000 up front and financed the rest of the purchase price. *See id*., at 69. The employee primarily used this vehicle to commute to work from his home. *See* N.T., Hearing, 5/20/13, at 15. In contrast, Husband accrued *arrearages* in his alimony *pendente lite* ("APL") obligations. *See* N.T., Hearing, 5/15/13, at 65.

After reviewing the certified record, we are convinced that the trial court's factual findings are well supported. Furthermore, we conclude that the trial court's reasoning does not constitute an abuse of discretion. Regardless of the financial condition of Husband's professional business, he has a far greater capacity for future earnings than Wife does. The lopsided award in distribution reflects this fundamental fact. We therefore conclude that Husband's first issue on appeal merits no relief.

In his second issue, Husband contends that the trial court erred in failing to award him one-half of the rental value of the marital home during the pendency of the divorce while Wife had exclusive possession. The award of a rental credit under these situations is discretionary, not mandatory. *See Trembach v. Trembach*, 615 A.2d 33, 37 (Pa. Super. 1992). Once again, the trial court relied upon the relative current economic status of the parties, among other considerations, in determining that an award of rental value to Husband was not consistent with effectuating economic justice between the parties. Based upon the previous discussion of Husband's and Wife's future economic activities, we cannot conclude that the trial court abused its discretion on this issue. Consequently, Husband's second issue on appeal merits no relief.

Husband argues in his third issue that the trial court erred in awarding Wife fifteen years of post-divorce alimony from Husband. Our standard of review pertaining to an award of alimony is as follows.

> The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court.

**Smith v. Smith**, 904 A.2d 15, 20 (Pa. Super. 2006) (citation omitted). An award of alimony aims to "ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." **Teodorski v. Teodorski**, 857 A.2d 194, 200 (Pa. Super. 2004) (citation omitted). "Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." **Id**. (internal quotations omitted). Pursuant to the Divorce Code, when determining the nature, amount, duration and manner of payment of alimony, the court must consider all relevant factors, including those statutorily prescribed at 23 Pa.C.S.A. § 3701, Alimony, (b) Relevant Factors (1)-(17). **See Smith**, 904 A.2d at 20; **Isralsky v. Isralsky**, 824 A.2d 1178, 1188 (Pa. Super. 2003).

Husband references the lopsided distribution of marital assets, arguing that the award of an extensive period of alimony in addition constitutes a punitive action by the trial court. Initially, we note that by Husband's own calculations, Wife's share of the marital estate was $77,500. **See** Appellant's Brief, at 27. While this is not an insignificant sum of money, it pales in comparison to Husband's prior earnings which averaged $100,000 annually over the period 2009-2011. Furthermore, as discussed above, the

trial court found that Wife had limited opportunities for accumulating assets and income during the remainder of her possible time in the workforce. While the period of alimony of 15 years is lengthy, the monthly payment is below the guidelines. After reviewing these circumstances, we cannot conclude that the trial court's award of alimony constitutes an abuse of discretion.

In his final two issues, Husband asserts that the trial court erred in assessing attorney's fees in favor of Wife in separate amounts of $3,500 and $2,500. The $3,500 payment was included in the equitable distribution order, while the $2,500 payment was awarded as a sanction pursuant to a finding of contempt. As each payment was awarded for separate purposes, we address them separately.

Husband concedes that the trial court had the authority to award counsel fees to Wife in the equitable distribution order. **See** Appellant's Brief, at 32-33. He argues that under the circumstances of the case, the award was an abuse of discretion. Specifically, Husband contends that since Wife received 90% of the marital estate, none of the debt, and that he previously paid Wife $3,500 in interim counsel fees, the award was manifestly unreasonable. For the same reasons that we affirm the trial court's equitable distribution scheme in general, we affirm the award of $3,500 in counsel fees. While Wife received 90% of the marital estate, that sum constitutes only $77,500, the bulk of which is represented by the

marital home. Further, the trial court found, and this finding is supported by the record, that Wife had minimal prospects for income or asset accumulation due to her education, experience and health. The award of counsel fees is consonant with an attempt to permit Wife to meet her basic future needs.

In contrast, we conclude that the finding of contempt is not supported by the record currently before us. "As each court is the exclusive judge of contempts against its process, we will reverse an order of contempt only upon a showing of a plain abuse of discretion." *In re Contempt of Cullen*, 849 A.2d 1207, 1210 (Pa. Super. 2004) (citation omitted). We further explained in *In re Contempt of Cullen* the following.

> To be punished for contempt, a party must not only have violated a court order, but that order must have been definite, clear, and specific—leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct. Because the order forming the basis for civil contempt must be strictly construed, any ambiguities or omissions in the order must be construed in favor of the defendant. In such cases, a contradictory order or an order whose specific terms have not been violated will not serve as the basis for a finding of contempt. To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. A person may not be held in contempt of court for failing to obey an order that is too vague or that cannot be enforced.

*Id*., at 1210-1211 (internal citations, quotation marks, and emphasis omitted).

Here, the trial court found Husband in contempt for not paying APL to Wife for several months. The original order establishing Husband's liability for APL provided that Husband would pay $1,212 per month to Wife. The order further required Husband to "continue to pay the monthly premiums for health insurance and to keep [Wife] on [Husband's] health insurance." Order, 3/23/12, at 1. Husband, however, was awarded a credit for all such insurance premiums. *See id*., at 1-2. The order does not reference any obligation for real estate taxes.

Husband subsequently petitioned the trial court for a reduction of the APL payment, asserting that due to a downturn in his business, he was no longer able to afford the amount initially awarded. *See* Petition for Modification, 10/26/12. In response, the trial court subsequently amended the APL award, through agreement of the parties, reducing Husband's liability to $682 per month. All other provisions of the original order were retained in full effect. *See* Order, 1/24/13, at 2.

Wife subsequently filed two contempt petitions against Husband, alleging that he had failed to pay his monthly APL obligations. No answer was filed to these petitions, and no hearings were held. On November 18, 2013, after the order in equitable distribution had been entered, Wife filed a petition for contempt and special relief, alleging that Husband had failed to honor his APL obligations for the 4 most recent months, and that, further,

he had failed to pay the real estate taxes on the marital residence in accordance with the APL order.

Husband filed a response to this petition asserting that he did not owe Wife any further APL due to the outstanding credit he was due for health insurance premiums. Furthermore, Husband alleged that neither of the APL orders imposed an obligation upon him to pay the real estate taxes on the marital residence. As such, Husband contended that he could not be found in contempt of the APL orders.

The hearing on Wife's contempt petition was consolidated with the hearings held by the trial court during reconsideration of the equitable distribution award. The trial court did not enter a separate order finding Husband in contempt, but rather included the contempt finding in its reconsidered equitable distribution award.

In the reconsidered order, the trial court found "that [Husband] has repeatedly and significantly violated this Court's order as he has not made payments as directed for a significant period of time, … [and] he has not paid the taxes on the marital residence[.]" Order, 6/24/14, at 3. As a sanction, the trial court awarded Wife $2,500 in attorney's fees. *See id*.

Interestingly, the trial court proceeded to add the $2,500 to the outstanding APL balance, and applied this new balance against the credits Husband was due for insurance premiums and repairs made to the marital

residence while Wife was in exclusive possession. This calculation resulted in an outstanding credit—in Husband's favor. ***See id***.

Under these circumstances, we cannot conclude that Husband willfully violated the APL order. First, the APL order explicitly provided him with a credit for insurance payments, and the trial court provided other credits for the repairs to the marital home. According to a calculation performed after the entry of the decree in divorce, and which included the addition of the $2,500 sanction, Husband was still entitled to a credit. In other words, during the pendency of the divorce, Wife received a benefit in excess of the amount awarded by the APL order. Thus, the trial court's finding that Husband willfully violated the APL order is unsupported by the record before us.

Furthermore, the trial court does not identify where Husband was ordered to pay the real estate taxes on the marital residence. Our independent review of the record has revealed only that the trial court ordered Husband to pay the outstanding balance on the real estate taxes in the November 14, 2013 equitable distribution order, which was the same order that was under reconsideration by the trial court. Accordingly, we find no support in the record for the trial court's finding that Husband willfully violated the APL order by failing to pay the real estate taxes. We therefore reverse the finding of contempt.

Order affirmed in part and reversed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2015