J-A23027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RENEE L. REGULA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ANDREW S. REGULA | |
| Appellee | No. 1396 WDA 2014 |

Appeal from the Order August 4, 2014
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 08-004511-006

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:          **FILED NOVEMBER 25, 2015**

Renee Regula ("Wife") appeals from the August 4, 2014 order the Court of Common Pleas of Allegheny County distributing the parties' marital property and ordering Andrew S. Regula ("Husband") to pay Wife alimony and counsel fees.  After our review, we affirm in part and reverse in part.

The parties were married in 1999 and separated in 2009.  Husband, age 43, and Wife, age 44, are the parents of one minor child, born in 2006.[1] Husband is employed in medical equipment sales at Medtronic; he earns in excess of $250,000 per year.  Wife had worked as a hairstylist earning

---

[1] Wife has primary custody of the parties' child, who attends a charter school in the city of Pittsburgh.

approximately $51,000 per year, but reduced her hours when the parties' child was born. She has not worked since 2011.[2]

From the date of separation, Husband enjoyed exclusive occupancy of the marital home. His girlfriend moved into the marital home one month after the parties separated. In September 2011, Husband ceased paying the mortgage, real estate taxes and homeowner's insurance ($2,551.58 monthly). At the time of the hearing before the Special Master, the marital residence was in foreclosure. However, the court issued a stay and the property eventually sold for $427,000. Wife received net proceeds of the sale for purposes of paying off a tax lien related to the liquidation of her IRA, which left her with $164 from the sale.

The Master recommended a 60/40 distribution in favor of Wife. The Master found Husband was in possession of, or benefited from, the following:

| | | |
|---|---|---|
| Merit Medical 401(k): | | $ 98,442 |
| Marital Home: Fair Market Rental ($77,700) | | |
| Dissipation ($57,975) | | $135,675 |
| Household Goods/Furniture: | | $ 10,000 |
| **TOTAL BENEFIT TO HUSBAND** | | **$244,117** |

The Master found Wife was in possession of, or benefited from, the following:

---

[2] Wife was assigned an earning capacity of $26,707, which she has not challenged

| | |
|---|---|
| Pathfinder Federal Credit Union: | $ 19,450 |
| American Funds IRA | $ 38,599 |
| House proceeds: | $ 10,425 |
| **TOTAL** | **$ 68,474** |
| Less liabilities: | |
| Chase Credit Card: | $  8,806 |
| 2011 Tax lien on IRA proceeds: | $10,261 |
| TOTAL | - $19,067 |
| **TOTAL BENEFIT TO WIFE:** | **$49,407** |

Thus, the Master determined that the marital estate totaled $293,524, ($244,117+$49,407), that Wife was entitled to 60% of the marital estate, or $176,114.40, and, therefore, Husband must pay Wife $126,707.40 ($126,707.40+$49,407=$176,114.40).[3] The Master noted that Husband enjoys retirement benefits, medical benefits, car subsidies, and other perquisites of his employment, and he has significantly greater sources of income and is in a better position than Wife to acquire future capital assets.

The Master also noted that both parties are in good health, and that Wife has primary custody of the parties' child. The Master recommended Husband pay 88% of the child's tuition and extra-curricular activities costs,

---

[3] The Master determined Husband took out $40,000 in loans from the Merit Medical IRA during the parties' separation, without Wife's consent, and, in January 2010, he liquidated the account. Husband's 401(k) and Wife's IRA were both depleted at the time of the hearing.

and that he pay Wife $2,000 in alimony each month for two years and $10,000 in counsel fees. Both parties filed exceptions.

The trial court, in an order dated August 4, 2014, granted in part and denied in part the parties' exceptions, reducing the value of Husband's Merit Medical 401(k) from $98,442 to $48,827, reducing the fair rental credit from $77,000 to $38,500, and ordering Husband to pay $300 each month toward arrears. The court also determined that Husband was not responsible for private school tuition.

Wife filed this timely appeal, and she raises the following claims for our review:

1. The trial court entered an erroneous finding and committed an abuse of discretion in determining that the marital value of Husband's Merit Medical 401(k) is $48,827, and not $98,442 as recommended by the Master;

2. The trial court entered an erroneous finding and committed an abuse of discretion in denying Wife's Cross Exception to the Master's Report #2, which asserted that $42,250.00, of capital gains realized by Husband from his investment of marital funds derived from Merit Medical 401(k) withdrawals, should have been identified as marital property and therefore included as subject to equitable distribution;

3. The trial court entered an erroneous finding and committed an abuse of discretion in determining that the fair market value of the rental credit assigned to Husband be set at $38,500, or one-half of $77,700 as had been determined by the Master.

Our standard of review is well settled:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Biese v. Biese*, 979 A.2d 892, 895 (Pa. Super. 2009); *see also Morgante v. Morgante*, 119 A.3d 382 (Pa. Super. 2015). Under section 3502(a) of the Divorce Code, the court "shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors." 23 Pa.C.S.A. § 3502(a). Moreover, it is within the province of the trial court to weigh the evidence and determine credibility; this Court will not reverse those determinations so long as they are supported by the evidence. *Childress v. Bogosian*, 12 A.3d 448, 455–56 (Pa. Super. 2011) (internal citations omitted). We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question

- 5 -

of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties. *Id.*

In her first claim, Wife argues that the court erred in concluding that the marital value of Husband's 401(k) is $48,827, and not $98,442 as determined by the Master. The trial court determined that Husband testified that, prior to separation, he withdrew $30,000 from the Merit Medical 401(k) for home repairs in order to prepare the home for sale. He also testified that he liquidated the account and was taxed $19,615 on the withdrawal.[4] Wife offered no evidence to contradict this testimony. The court, therefore, accepted Husband's unrebutted testimony and determined that Husband's 401(k) was properly valued at $48,827 ($98,442 less the marital loan of $30,000 and less the federal income tax liability of $19,615).

In determining the value of marital property, the court must rely on the evidence submitted by both parties, and it is free to accept all, part, or none of the testimony as to the true and correct value of property. *Smith v. Smith*, 653 A.2d 1259, 1265-66 (Pa. Super. 1995); *Aletto v. Aletto*, 537 A.2d 1383 (Pa. Super. 1988). Further, "[w]here the evidence offered by one party is uncontradicted, the court may adopt this value although the resulting valuation would have been different if more accurate and complete

_____

[4] *See* 23 Pa.C.S.A. § 3502(a)(10.1)(federal, state and local tax ramifications associated with each asset to be divided, distributed or assigned, is a relevant consideration in equitable distribution determination).

evidence had been presented." ***Holland v. Holland***, 588 A.2d 58, 60 (Pa. Super. 1991); ***see also Anzalone v. Anzalone***, 835 A.2d 773, 784 (Pa. Super. 2003). In the instant case, the trial court did not abuse its discretion in accepting Husband's unrefuted testimony with respect to the Merit Medical 401(k).

Next, Wife argues that the trial court erred or abused its discretion in failing to include as marital property $42,250 in capital gain realized from the investment of funds Husband withdrew, post-separation, from his Merit Medical 401(k) account. Husband testified that he liquidated his 401(k) account and received $44,365.89; he invested $35,955 and made a profit of $42,250, which he included on his tax return as capital gain. The capital gain was not included in the marital assets subject to distribution.

Wife contends, "[c]learly, the capital gain was directly generated as a result of investments made with marital funds[.]" Appellant's Brief, at 17. She argues that this gain is "property acquired in exchange for marital assets" and is marital property under 23 Pa.C.S.A. § 3501(a)(4),[5] and, therefore, should have been subject to equitable distribution. Her argument,

_____

[5] **(a) General rule**.--As used in this chapter, "marital property" means all property acquired by either party during the marriage and the increase in value of any nonmarital property acquired pursuant to paragraphs (1) and (3) as measured and determined under subsection (a.1). However, marital property does not include: . . . (4) Property acquired after final separation until the date of divorce, *except for property acquired in exchange for marital assets.* 23 Pa.C.S.A. § 3501(a)(4) (emphasis added).

however, has as its premise the fact that the profit was made from the use of marital funds.  This is not what the court, or the Master, determined.  The Master's report states:  "[I]n 2010, Husband earned $177,423/yr. plus capital gains of $42,250 *from non-marital stock options*."  Master's Report and  Recommendation, 12/17/13 at 3 n.5 (emphasis added).   The trial court agreed  with  the  Master's  report  and  recommendation,  stating  that  these capital gains were "were from non-marital stock options and thus not marital property."  Trial Court Opinion, 11/3/14, at 5-6.  The fact that the court went  on  to  state  that  "[p]ost-separation  gains  from  investments  on  his marital  portion  of  the  401(k)  do  not  constitute  property  acquired  in exchange  for  marital  assets[]"  does  not,  as  Wife  argues,  constitute  a manifest error of law.  Though not artfully stated, the court's use of the term "marital portion" clearly referred to the non-marital stock options.  We find no error or abuse of discretion.  **Childress**, **supra**; **Biese**, **supra**.

Finally, Wife argues that the court erred and abused its discretion in decreasing  the  fair  rental  value  of  the  marital  home  from  $77,000  to $38,500.  We agree.

The spouse who is out of possession must be compensated for his or her rights and interests in the marital property.  **Schmidt v. Krug**, 624 A.2d 183  (Pa.  Super.  1993);   **Trembach v. Trembach**,  615  A.2d  33,  37  (Pa. Super. 1992);  **Hutnik v. Hutnik**, 535 A.2d 151, 154 (Pa. Super. 1987). Here, the parties purchased the marital home in January 2009; Wife and the parties' child moved out the following month.  Husband's girlfriend moved in

with him shortly after Wife left, and she remained in the house with him until the house sold in June 2013. Wife made claims for fair rental value, as well as for dissipation of the asset.

The Master determined that the net proceeds realized from the sale of the house "were negatively impacted by the penalties, interest and costs associated with Husband's failure to pay the expenses of the house during his residence therein and the mortgage foreclosure expenses." Master's Report, *supra*, at 3. Wife's expert real estate appraiser, Matt Stepanovich, opined that the fair rental value of the property (5 bedrooms/3.5 bathrooms) was $3,700 per month. The Master determined Stepanovich was credible. Thus, since Wife was out of possession for 21 months *after* Husband ceased paying the mortgage, the benefit to Husband was $77,700 ($3,700 x 21 = $77,700). Based on the 60/40 split, the Master recommended Wife be awarded $46,620.

In his exceptions, Husband argued that Wife was not entitled to any rental credit since she vacated the new house after only 36 days, leaving him with all the obligations. However, the Master calculated the fair rental value for the 21 months that Husband did *not* meet those obligations. Master's Report, *supra* at 5.

The trial court states that the Master "gave Wife credit of $77,700, or 100%, of the fair market rental value[.]" Trial Court Opinion, *supra* at 6. It then went on to explain the four-step procedure for determining whether the

dispossessed party is entitled to a credit for the fair rental value of jointly held marital property against a party in possession:

1. dispossessed party is entitled to credit, provided there are no equitable defenses;

2. rental credit is based upon and limited by extent of parties' interest in the property (generally ½);

3. fair rental value is limited to the time party is dispossessed and other party is in actual or constructive possession;

4. party in possession is entitled to credit for payments made to maintain the property

***Trembach v. Trembach***, 615 A.2d 33, 37 (Pa. Super. 1992).

After our review, we remand for a recalculation. Although we agree with the trial court's statement that Wife was not entitled to 100% of the fair rental value, the Master awarded Wife 60% of that value ($46,620), as the fair rental value of $77,700 was included as an asset in the marital estate. Further, when the trial court reduced the value by half, to $38,850, it did not, as far as we can tell from the court's August 4, 2014 order and its opinion, effectuate a one-half credit to Wife. If that value was simply plugged into the prior $77,700 value, then Wife is not receiving the credit she is due. The general rule is that the dispossessed party is entitled to a *credit* for the fair rental value of jointly held marital property against a party in possession of that property, provided that there are no equitable defenses to the credit. ***Trembach***, ***supra***. The proper methodology for granting the dispossessed spouse a credit for rental value is to deduct Wife's share of the rental value, here, $38,850, from Husband's ultimate distribution of the

marital estate. *See Butler v. Butler*, 621 A.2d 659 (Pa. Super. 1993), *aff'd in part, rev'd in part on other grounds*, 663 A.2d 148 (Pa. 1995). *See also* 23 Pa.C.S.A. § 3502(a)(7).

Further, that value represents foregone revenue; it is not a marital asset. Including it in the marital estate artificially inflates the value of the marital estate and awards Husband 40% of that value. Here, Husband was in exclusive possession and *did not financially maintain the residence for those 21 months on which the value was based*. Therefore, not only is Husband not entitled to a portion of that value (which occurred here), he is not entitled to any deductions in Wife's credit because he did not financially maintain the former marital residence for those 21 months. *Cf*. *Ressler v. Ressler*, 644 A.2d 753, (Pa. Super. 1994) (awarding wife $5,600 as fair rental value for time wife was out of possession, without deductions for payments husband made on loan secured by marital residence, was not abuse of discretion where payments were not on original mortgage, but on home equity loan taken out to enable husband to purchase new vehicle).

Further, contrary to the court's statement that Wife was "awarded $47,957 for dissipation," Trial Court Opinion, *supra* at 7, that amount as well was included in marital assets prior to the 60/40 equitable distribution split.

For these reasons, the order is affirmed in part, reversed in part, and remanded for recalculation. The court of common pleas is directed to carry

out what limited proceedings it deems necessary to settle the issues of fair rental value and dissipation and to enter an appropriate order.

Affirmed in part; reversed in part and remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2015