J-S64044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| DANIEL A. EVANS AND DONNA L. EVANS, H/W | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JEFFREY S. EVANS AND ANDREA L. EVANS, H/W | |
| Appellee | No. 616 EDA 2016 |

Appeal from the Order Entered January 22, 2016
In the Court of Common Pleas of Northampton County
Civil Division at No(s): CV-2010-10924

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 20, 2016**

Appellants Daniel A. Evans and Donna L. Evans appeal from the order of the Court of Common Pleas of Northampton County denying their Motion to Disperse Escrow Account several years after Appellants had settled their dispute with their son and daughter-in-law, Appellees Jeffrey S. Evans and Andrea L. Evans.  As we find the trial court abused its discretion in disbursing the escrowed funds in equal proportions, we vacate the trial court's order and remand for distribution of the rental income consistent with this decision.

The trial court summarized the factual background as follows:

> This case originates from an action involving partition of commercial real estate that was commenced by way of a writ of summons dated September 27, 2010.  By way of background,

*Former Justice specially assigned to the Superior Court.

when the real estate property at issue (hereinafter, "Property") was purchased, Appellants obtained a 5/7 fractional ownership interest, and [Appellees] obtained a 2/7 fractional ownership interest. *See* Complaint, 4/18/11, at ¶ 5.

The individual from whom the parties purchased the Property was not ready to vacate the Property upon the purchase. *See,* Notes of Testimony (N.T.) at pp. 4-5. Consequently, the parties agreed to allow this individual (hereinafter, "tenant") to remain on the Property for a period of twenty-five months. *Id*. at p. 5. In turn, the tenant provided the parties with $25,000 in credit towards the purchase of the Property. *Id*. at pp.2; 4-5. The tenant actually remained at the Property for a total of twenty-eight (28) months, and as a result of the extra three months during which he remained at the Property, the tenant paid an extra $3,000.00 in rental income to the parties. *Id.* In the meantime, the parties commenced litigation on the partition action. Pending resolution of the partition action, the rental income in the amount of $3,000.00 was held in escrow by the Honorable Samuel P. Murray, who, prior to his election to the bench and during the relevant partition action, served as co-counsel for Appellees.

The case ultimately resulted in a settlement agreement between the parties in 2012 whereby Appellees agreed to purchase Appellants' interest in the Property. *See*, Stipulation/Order of Court, 4/5/2012, p.3.[1] At the time of the settlement agreement, distribution of the rental income in the amount of $3,000.00 was overlooked and remained unresolved. As a result, on January 22, 2016, counsel for Appellees filed a "Motion to Disperse Escrow Account." In this Motion, Appellees averred that the $3,000.00 in rental income was the only rent the parties had received. Appellees further averred that the existence of the $3,000.00 was discovered by Judge Murray when he was preparing to close his practice in order to assume a position on the bench. *See*; Motion to Disperse Escrow Account at ¶¶ 3, 5.

---

[1] On August 16, 2012, upon praecipe by Appellants' counsel, the Northampton County Prothonotary noted on the docket that the partition action had been "settled, discontinued, ended with prejudice and costs paid."

- 2 -

Based on Appellees' Motion, the undersigned heard brief testimony and argument from both parties' counsel while sitting for Motions Court on January 22, 2016. At the conclusion of the hearing, the undersigned entered an Order which directed that "the $3,000.00 escrow being held by Leonard M. Mellon [FN1] is to be divided between the parties 50/50."

> [FN1:] The parties had agreed that Leonard M. Mellon, counsel for Appellees, could hold the $3,000.00 in escrow pending distribution by the [trial court]. *See,* Appellee's Motion to Disperse Escrow Account at ¶ 6.

On February 1, 2016, Appellants filed a Motion for Post-Trial Relief in which Appellants requested a modification of the January 22, 2016 Order to reflect a distribution of the $3,000.00 that would be equivalent to the parties' fractional ownership interest of the Property at the time they owned the Property. In other words, Appellants asked [the trial court] to disperse the rental income so that Appellants would receive 5/7 of the $3,000.00 and Appellees would receive 2/7 of the $3,000.00. On February 3, 2016, [the trial court] denied Appellants' Motion for Post-Trial Relief.

Trial Court Opinion, 3/18/16, at 1-3. Appellants filed a notice of appeal on February 18, 2016.

As an initial matter, we must determine whether this appeal is timely. Our rules of appellate procedure require that a notice of appeal be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). As the trial court entered an order on January 22, 2016 dispersing the escrowed funds, Appellants' notice of appeal filed on February 18, 2016 is timely filed.

In addition, we note that we need not discuss whether Appellants properly preserved their claims with a timely post-trial motion under Pennsylvania Rule of Civil Procedure 227.1, as this procedural rule is

inapplicable to this case. While Appellants styled their February 1, 2016 filing as a motion for post-trial relief, it can be more appropriately characterized as a motion for the trial court to reconsider its decision to disperse the escrow account contents.[2] The note in Rule 227.1(c) provides that "[a] motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or *other proceedings which do not constitute a trial*." Note to Pa.R.C.P. 227.1(c). **See also Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Markets, Inc.**, 617 Pa. 265, 295, 52 A.3d 1233, 1251 (2012) (holding that Rule 227.1 did not apply to a proceeding after remand where the trial court recalculated the damages award based upon facts and contract terms already in the record, as this proceeding was not a "trial").

We may now proceed to the merits of Appellants' appeal. In its 1925(a) opinion, the trial court explained its rationale in finding that the

---

[2] It is well-settled that a trial court may consider a motion for reconsideration if the motion is filed within thirty days of the entry of the disputed order. **PNC Bank, N.A. v. Unknown Heirs**, 929 A.2d 219, 226 (Pa.Super. 2007); 42 Pa.C.S. § 5505. However, the prescribed thirty-day time period for taking an appeal is only tolled if the trial court expressly grants reconsideration. **See** Pa.R.A.P. 1701. As noted above, Appellants filed this timely appeal on February 18, 2016, which was within thirty days of the trial court's January 22, 2016 order resolving Appellees' Motion to Disperse Escrow Account.

most equitable resolution was to distribute the rental income equally between the parties:

> If there was a prior history of distribution of rental monies between the parties, then we would have considered same prior to issuing our Order. However, no such history existed. Further, considering the significant amount of time that passed since the settlement agreement and the fact that neither of the parties independently recalled the existence of the $3,000.00 at issue until Judge Murray discovered it in his escrow account, we did not find that the fractional ownership interests of the parties at the time they purchased the Property should govern the distribution of this rental income.

Trial Court Opinion, 3/18/16, at 4.

As stated above, Appellants contend that the trial court improperly distributed the contents of the parties' rental income in equal proportions as at the time of the rental. Specifically, Appellants argue that they were entitled to a 5/7 share of the rental income commensurate with their 5/7 ownership interest in the property at the time the parties rented the property to the tenant. In support of their claim, Appellants cite to *Trembach v. Trembach*, 615 A.2d 33 (Pa.Super. 1992), in which this Court found the trial court abused its discretion in equitable distribution proceedings by awarding the wife, who had been dispossessed from the marital residence, a credit for the entire rental value of the former marital home when she only held a one-half interest in the property.

In response, Appellees echo the trial court's rationale in dividing the rental income in equal proportions. In addition, Appellees claim that the trial court should have inferred that a partnership existed between the parties to

rent the property to the tenant and allege that the rental income was partnership property to be divided equally without regard to the parties' proportional interests. Appellees do not cite to any authority or offer any analysis in making this argument.

Like the analogous situation in **Trembach**, the parties' proportional ownership interests in the property should have controlled the percentage of the rental income that they received. Viewing the parties' contentious relationship, there is no indication that the parties would ever have agreed to share the rental income equally or be equal members of a partnership. In fact, the parties placed rental income in escrow because they could not reach an agreement on how to divide the proceeds. While both parties forgot about the existence of the escrowed proceeds once the partition was discontinued, this is not a factor that should be solely held against Appellants. Accordingly, we agree with Appellants that the trial court erred in dividing the rental income equally. Thus, we vacate the trial court's January 22, 2016 order and remand for distribution of the rental income consistent with this decision.

Order vacated; Remanded; Jurisdiction Relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/20/2016</u>