656 A.2d 507

**Mary T. CERNY, Appellee,**

v.

**Frederick F. CERNY, Appellant.**

**Mary T. CERNY, Appellee,**

v.

**Frederick F. CERNY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 1, 1994.

Filed March 28, 1995.

William F. Coyle, Philadelphia, for appellant.

Joseph S. Britton, Langhorne, for appellee.

Before OLSZEWSKI, DEL SOLE and BECK, JJ.

OLSZEWSKI, Judge.

After thirty years of marriage, appellant Frederick Cerny (husband) and appellee Mary Cerny (wife) were divorced by order of June 1, 1992. The litigation attending that divorce has already given rise to one opinion in this Court and four in the court below. Husband brings the matter before us once again, advancing four allegations of error in the orders subsequent to our remand.

Husband's first claim relates to further developments in the matter addressed previously on appeal. On December 3, 1990, husband received a check from his employer for $105,-360.42. This check represented a lump-sum payment of $140,-000.00 less income taxes withheld, and was paid in connection with husband's termination some months before. The trial court attributed the $105,000.00 payment to husband as income available for support when it calculated husband's support obligation. The court went on, however, to characterize the same payment as a marital asset subject to equitable distribution. Husband appealed, and we instructed the court on remand to remove the payment from the marital property

if it had been credited to husband as income in calculating his support obligation. The trial court determined that the payment had been so credited, and accordingly judged the $105,-000.00 payment to be husband's separate property and not a marital asset.

Husband and wife had filed a joint tax return for 1990, declaring the lump-sum payment as income for that year. Following a logic different from that of the court below, the Internal Revenue Service decided that the lump-sum payment did not constitute income and refunded the taxes that had been withheld from it. By order of April 26, 1994, the trial court found the $33,477.96 refund to be a marital asset, and husband appeals.

We find that the refund retains the character of the payment from which it was withheld. The trial court suggests that filing a joint tax return is like depositing money into a joint bank account, and that separate property is thereby transformed into a marital asset. In ruling to the contrary, we note that the act of filing a return is not a financial activity, but merely a reporting of such activity. One does not create or alter property by filing a tax return, as one does in opening or contributing to a bank account or other investment instrument. A tax return is merely a business record, and has no independent capacity to create or preserve wealth. *Accord* Rev.Rul. 74–611, 1974–2 C.B. 399 ("[A] joint income tax return does not create new property interests for the husband or the wife in each other's income tax overpayment."). The original payment has been judged to be husband's separate property; the refund is therefore his separate property as well.

In support of the decision below, wife argues that husband has waived this issue by failing to appeal an earlier order. Originally, the parties expected to incur a liability for underpayment of taxes on the lump-sum payment; and on June 1, 1992, the trial court issued an order which apportioned this debt prospectively, 55% against wife and 45% against husband. Trial court decree and order (June 1, 1992) at 2; *see also* trial court opinion (Nov. 1, 1993) at 3; trial court

decree and order (July 8, 1992) at 2. Wife argues that because husband did not appeal that order, he may not be heard to object now that a refund has been granted instead.[1]

We note that the June 1, 1992, order mentioned only an expected tax liability, and did not purport to address a possible refund. Wife does not argue that the order is defective, and her argument fails to establish a connection between that order and husband's claim regarding the refund. Waiver therefore does not apply. We find that the refund is the separate property of husband, and reverse that portion of the April 26, 1994, order which deemed it to be a marital asset.

■  Next, we address husband's claim that the trial court erred when it changed the scheme of distribution on remand from 50/50 to 55/45 in wife's favor. Husband argues that the record does not support the court's finding that husband's income significantly exceeded wife's. Our standard of review is limited, and we will not reverse a ruling below absent an error of law, or an abuse of discretion shown by clear and convincing evidence. *Naddeo v. Naddeo*, 426 Pa.Super. 131, 134, 626 A.2d 608, 610 (1993) (citations omitted).

■  Although husband was unemployed at the time of the hearing on remand, the record supports the trial court's finding that his income per month *at the time of the equitable distribution hearing* was $4,014.00, while wife's was under $2,000.00. Husband fails to demonstrate any error in this finding, and we affirm the court below.

1.  Our review of the record suggests that husband might indeed have agreed, through the actions of his counsel, to share any tax refund equally with wife:

THE COURT: Is there any dispute that if there's a liability, they share equally in the liability; if there is money coming back, they share equally in the money coming back?
[COUNSEL FOR HUSBAND]: Absolutely. No dispute from our side, Your Honor.

N.T. (Apr. 6, 1992) at 54; *cf. Karkaria v. Karkaria*, 405 Pa.Super. 176, 188, 592 A.2d 64, 71 (1991) (rejecting husband's attempt to recover alimony paid, when counsel had signed a consent order on his behalf withdrawing any objections to the award). Wife does not claim that husband agreed to share the refund, however; as noted in the text, she bases her argument instead on the ground of waiver.

■ Husband also claims that the trial court abused its discretion by distributing to wife 59% of the interest on a particular annuity. Husband concedes in his brief, however, that the trial court is under no obligation to distribute each individual asset according to the determined formula, so long as the total scheme of the distribution coincides with the court's decided-upon assessment. Appellant's brief at 22. Husband's one-paragraph argument on this issue therefore fails to present any claim of merit.

■ Lastly, husband contests the portion of the order which charges him with responsibility for part of the costs of maintenance to the marital home. We note that husband's responsibility is clear, as the duty to maintain the marital premises is a joint obligation, and "equity places a presumption upon the dispossessed spouse of responsibility for expenses to the extent of her/his ownership interest." *Schmidt v. Krug,* 425 Pa.Super. 136, 140, 624 A.2d 183, 186 (1993); *Trembach v. Trembach,* 419 Pa.Super. 80, 87, 615 A.2d 33, 37 (1992). Husband argues that the burden is inequitable in his case, because he has not been credited with any portion of the rental value of the marital home during the time that wife has been in exclusive possession.

■ While the dispossessed party is generally entitled to a credit for the fair rental value of jointly held marital property, such a credit is not mandatory, being within the sound discretion of the trial court. *Trembach,* 419 Pa.Super. at 87, 615 A.2d at 37; *Butler v. Butler,* 423 Pa.Super. 530, 545, 621 A.2d 659, 668, *alloc. granted,* 535 Pa. 629, 631 A.2d 1002 (1993). Husband does not claim that he asked for such a credit below and was unfairly denied. Therefore, we will not hear his claim for it now. Pa.R.A.P., Rule 302(a), 42 Pa.C.S.A. ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). We find no error or abuse of discretion in the apportionment of maintenance costs.

In closing, we recognize that our ruling regarding the character of the refund payment may alter the economic picture upon which the trial court based its scheme of equita-

ble distribution. We therefore remand for the trial court to decide whether, and how, its order of equitable distribution shall be altered in light of our ruling so as to "effectuate economic justice between the parties" and "insure a fair and just determination and settlement of their property rights." 23 Pa.C.S.A. § 3102(a)(6).

The order below is reversed in part and affirmed in part. The case is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.