**Walker v. Walker**

*Dorothy Walker,* pro se.
*Lynn Thomas Walker,* pro se.

KISTLER, *J.,* April 30, 2009—Presently before this court are Dorothy Walker (Wife) and Lynn Thomas Walker (Husband). On October 16, 2008 and April 30, 2009, equitable distribution hearings were held regarding

the marital estate. The following opinion determines the value and distribution of the marital assets and debts.

## FINDINGS OF FACT

The equitable distribution of marital property is controlled by section 3502 of the Divorce Code, 23 Pa.C.S. §3502 et seq. Under section 3502, this court is bound to consider the following factors in determining the equitable distribution of property:

(1) *Length of marriage:* Husband and Wife were married on August 26, 1989. Later the parties separated, and will be divorced by decree of this court. As both parties were unrepresented, and failed to give the court the standard and necessary information to incorporate into this opinion, but the matter requires resolution, the court will rule without the standard information.

(2) *Any prior marriage of either party:* Unknown.

(3) *The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each party:*

• *Age:* At the time of the equitable distribution hearing, Wife and Husband appear each to be in their middle age.

• *Health:* Unknown.

• *Station:* The parties enjoyed a comfortable lifestyle during their marriage.

• *Amount and sources of income:* Unknown.

• *Vocational skills/employability:* Wife asserts she is unable to work.

• *Estate:* There is no evidence either party expects any significant inheritance or legacy.

• *Liabilities and needs:* There are outstanding marital debts of: Benner Township (real estate taxes) $7,310.35; Allstate Insurance $1,077.68; Allegheny Power $2,126.34; Spring-Benner Joint Authority (water and sewer) $279.50; Citicorp Trust Bank FSB (on marital home) $123,726.76; storage shed rental $425.

(4) *The contribution by one party to the education, training or increased earning power of the other party:* Unknown.

(5) *The opportunity of each party for future acquisitions of capital assets and income:* Unknown.

(6) *Sources of income for both parties, including, but not limited to medical, retirement, medical, insurance or other benefits:* None known.

(7) *The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as a homemaker:* There was considerable testimony and evidence to demonstrate that Husband allowed the marital home to waste and dissipate in value. Unpaid bills, deferred maintenance, and incomplete renovations have severely detracted from the expected value and equity of the home. It is unlikely that Husband will correct these dissipations.

(8) *The value of the property set apart to each party:* Great disputes exist as to the ownership, or even the existence, of many items of personal property. Many items are apparently missing, or deemed by one or both

parties to be owned by them outside the marital estate. Conflicts in the testimony are replete on this subject.

(9) *The standard of living of the parties established during the marriage:* Husband and Wife had a comfortable standard of living during the marriage.

(10) *The economic circumstance of each party, including federal, state and local tax ramifications, at the time the division of property is to become effective:* There was no testimony regarding the tax implications regarding the division of property.

(11) *Whether the party will be serving as the custodian of any dependent minor children:* Both parents have dependent children from the union.

(12) *The property brought to the marriage by either party:* Considerable disagreement exists, without documentation to support any argument, on nearly every item of personal property.

(13) *Marital misconduct during the marriage:* Unknown.

## CONCLUSIONS OF LAW

This court has broad discretion in fashioning an award of equitable distribution of marital property. *Twilla v. Twilla,* 445 Pa. Super. 86, 664 A.2d 1020 (1995). This court is under no obligation in divorce proceedings to distribute each individual asset according to the determined formula, as long as the total scheme of distribution coincides with the court's decided upon assessment. *Cerny v. Cerny,* 440 Pa. Super. 550, 656 A.2d 507 (1995).

The essence of the concept of an equitable distribution is that after considering all relevant factors, the court may "deem just" a division that awards one of the parties more than half, perhaps a lion's share, of the property. *Platek v. Platek,* 309 Pa. Super. 16, 454 A.2d 1059 (1982). An equitable distribution does not necessarily mean an equal division. *Id.* In determining the value of marital property, the court is free to accept all, part, or none of the testimony as to the true and correct value of the property. *Litmans v. Litmans,* 449 Pa. Super. 209, 673 A.2d 382 (1996).

Marital property must be distributed with reference to value approximate to the date of distribution. *Oaks v. Cooper,* 536 Pa. 134, 638 A.2d 208 (1994). Unless valuation is impossible because the asset has been consumed or disposed of by one of the parties, a value closer in time to distribution should be used. *Sutliff v. Sutliff,* 518 Pa. 378, 543 A.2d 534 (1988).

The purpose of alimony is not to reward one spouse nor to punish the other, but rather to ensure that the reasonable needs of a party going through a divorce, who is unable to support himself or herself through appropriate employment, are met. Alimony following divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution and development of appropriate employable skills. *Nemota v. Nemota,* 423 Pa. Super. 269, 620 A.2d 1216 (1993).

## DISCUSSION

The condition of the marital residence located at 177 Crestview Drive, Benner Township, Centre County,

Pennsylvania, is the principal issue that exists between these parties.

The appraisal of John Curtin, dated August 11, 2008, sets a value for the property of $140,000. Curtin also opines that the property is in "substandard" condition as a result of "deferred maintenance" and other "renovation" which is needed on the property. Curtin opines that the property would have a value of approximately $220,000 or $225,000 if it were in the proper condition for sale. The court is convinced that the loss of value of approximately $80,000 in the home is largely the responsibility of Husband, as he was in sole possession of the property and was responsible for the partially-completed renovations which now detract from the value of the home.

There is evidence that a mortgage exists with Citicorp Trust Bank FSB, and that the mortgage has an indebtedness of $121,385.20 as of February 10, 2009, at a rate of $29.64, since that date. Therefore the total balance due on the mortgage is $123,726.76, as of April 30, 2009 (79 days x $29.64 = $2,341.56 + $121,385.20 = $123,726.76).

In addition to the incomplete renovations, and deferred maintenance, there is evidence of outstanding real estate taxes in the amount of $7,310.35, unpaid insurance on the property of $1,077.68, electric bills in the amount of $2,126.34, and a sewer bill of $279.50. These outstanding balances come to a total of $10,793.87.

Assuming that the home does have a market sales price, once rehabilitated, of approximately $220,000, the 50/50 split of that residence would indicate that each

owns approximately $110,000 of its value. Considering the depreciation due to Husband's lack of care for the property (estimated by Curtin to be $80,000) and the outstanding mortgage balance and the outstanding bills and fees associated with the property while in the possession of Husband ($10,793.87), the court deems that it is equitable to grant title to the real estate to Wife, and to make her responsible for all outstanding charges and fees due, and to defend the foreclosure action.

The other substantial and outstanding issue between the parties is the personal property which has either been divided between the parties, retained by Husband, stored by Husband, lost by Husband, discarded by Husband, or retained by Wife, or lost by Wife.

The court is without schedules and without itemized lists that have any reliability or accuracy such as to assist the court in making this division of personal property. It appears clear that both parties have certain personal property in their possession, although the parties are unable to agree as to what they currently possess or ever possessed. It is also evident that certain items are in storage, and that an outstanding storage bill is due to Nittany Valley Self Storage in the amount of approximately $425.

Again, it appears that granting Wife possession of the property located in the storage shed, and making her responsible for the payment of the outstanding fees due for its storage would be appropriate. Each party may retain the property they currently possess with the exception of the plasma screen T.V. This was the only item that was discussed with certainty and as this item was purchased by Husband after separation, it shall be surrendered to Husband within 30 days.

The court determines that Husband is without sufficient or ample resources to make any significant contribution toward any of the outstanding obligations. Husband has recently been through a personal Chapter 7 bankruptcy and has discharged most of his individual debt in that proceeding.

Wife's claim for alimony, punitive damages, and assessment of costs are denied as it appears that Husband is without the ability to make any such payments and is unlikely to do so, even in the presence of a court order.

## ORDER

And now, April 30, 2009, Lynn Thomas Walker is hereby ordered to execute a deed and any other documents necessary to accomplish the transfer of the real estate located at 177 Crestview Drive, Benner Township, Centre County, Pennsylvania, to Dorothy Walker, within 30 days of this order.

Lynn Thomas Walker will not be responsible for any obligations associated with the marital real estate, and all shall be assumed by Wife, who may elect to either refinance the home or to sell the home.

Furthermore, Lynn Thomas Walker shall within 10 days of the date of this order transfer or assign his lease from the Nittany Valley Self Storage to Dorothy Walker, who shall satisfy the obligations associated with the storage facility and shall be entitled to all of the property held therein.

Furthermore, Lynn Thomas Walker shall within 30 days of the date of this order obtain the plasma screen T.V. from Dorothy Walker.

All other claims between the parties are dismissed for lack of evidence.

A divorce decree shall be issued forthwith.