J-A09027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAUL S. GALANTI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GRACE P. GALANTI | |
| Appellant | No. 1642 MDA 2015 |

Appeal from the Order Entered August 24, 2015
In the Court of Common Pleas of Berks County
Civil Division at No(s): 08-16756

BEFORE:  FORD ELLIOTT, P.J.E., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 27, 2016**

Grace P. Galanti ("Wife") appeals from the order entered in the Berks County Court of Common Pleas denying the exceptions she filed to the Master's Recommendation regarding the equitable distribution of marital assets.  We affirm.

Husband and Wife married on August 31, 2003 and separated on January 17, 2009.  The parties have one child, born in August 2004.

In December 2008, Husband filed a complaint in divorce.  On July 10, 2014, Husband and Wife executed affidavits of consent under section

_____

[*] Retired Senior Judge assigned to the Superior Court.

3301(c) of the Divorce Code and waivers of notice of intention to request entry of a divorce decree under section 3301(c).[1]

Wife is self-employed as a provider of skin care treatment. Master's Report and Recommendation Upon Equitable Distribution, Alimony, Counsel Fees and Costs at 2, filed January 13, 2015 ("Master's Report"). A prior support order found her net income was $1,163.63 per month. *Id.* Husband is employed in a sales position by Peer Software and his net income was found to be $6,200.00 per month. Master's Report at 2-3.

The Master made the following findings regarding the marital and non-marital assets:

> In 2006, during the parties' coverture, Husband and a business partner, David Christiansen, founded a business entity called Versimark. Versimark provided marketing software for businesses and 90% to 95% of its revenue was generated by one client, Farmers Insurance Group, which had a contract with Versimark. During the term of the contract, Versimark flourished. This was confirmed by the accountant who prepared Versimark's income tax returns, who testified that the company's gross revenues grew steadily from $743,672.00 in 2006 to $3,184,108.00 in 2009 and then declined to $2,162,154.00 in 2010. However, subsequent to the parties' separation, Farmers Insurance Group notified Versimark that the contract would not be renewed. This left Versimark without sufficient revenue to remain in business. The assets of Versimark were purchased by Faulkner Media Group on January 31, 2011. The consideration paid was $200,000.00 paid toward Versimark's bank debt of

---

[1] The Master found that grounds for divorce were established under 23 Pa.C.S. § 3301(c).

$500,000.00 and $20,000.00 toward operating expenses. Husband received a three month consulting contract for $1,000.00 per week and Husband and Mr. Christiansen received a royalty equal to 5% of sales generated by Husband, which they allocated 60% to Husband and 40% to Mr. Christiansen. The royalties received by Husband will be addressed separately herein. Husband and Mr. Christiansen were able to persuade their creditor banks, to whom they had given personal guarantees, to accept the $200,000.00 payment from Faulkner Media Group in full satisfaction of the entire debt. The foregoing history was testified to by Husband and was confirmed, respectively, by the testimony of Mr. Christiansen and Mr. Faulkner of Faulkner Media Group. The Master specifically asked Mr. Faulkner whether Faulkner Media Group had purchased all assets of value from Versimark, other than very nominally valued assets, to which Mr. Faulkner responded that it had. Wife pointed out that under the Asset Purchase Agreement between Faulkner Media Group and Versimark, Versimark retained an asset described as a development server. This asset was subsequently transferred to Mr. Christiansen. No evidence of any consideration for the transfer or of any value in this asset was presented. Therefore, no marital value may be ascribed to this asset. The Master finds the testimony of Husband, Mr. Christiansen and Mr. Faulkner on the issues relating to Versimark to be credible and finds that Versimark has no marital value.

Husband presented evidence in the form of a Metro Bank Account Statement comprised of his share of the post separation royalties from Faulkner Media Group as referred to above. Husband testified, without contradiction, that he has received all royalties due him by Faulkner Media Group and that no additional royalties will be due or payable. The Metro Bank account had a balance of $42,955.17 as of November 15, 2014. It is not clear whether these payments were consolidated as income for child or spousal support purposes. There is also an Order entered September 17, 2012 by the Honorable Peter W. Schmehl of this [c]ourt which states that payments received by Husband from business loans constitute income for support purposes. The Master concludes that the royalties do not stem from Business loans and since it has not been

established that the royalties have been considered from support purposes, the royalties constitute marital property subject to equitable distribution. Income taxes on the royalties received in 2013 have been paid. The 2014 income tax liability will be apportioned in equitable distribution.

During the parties' coverture, Husband lent money to a business entity called 50 Below and also, during coverture, Husband purchased the loan receivable of a Mr. William Rehder who also had lent money to 50 Below. Husband borrowed money from equity in marital real estate to accomplish these transactions. Subsequent to the parties' separation, Husband did receive payments on account of these loan receivables, however, 50 Below ultimately filed for bankruptcy protection. An Order dated September 17, 2012 entered by the Honorable Peter W. Schmehl of this [c]ourt, previously referred to, determined that payments received by Husband from his business loans constituted income for support purposes. The payments received by Husband from 50 Below clearly emanate from business loans, as defined by Judge Schmehl's Order, and, as such, may not be distributed again as marital property under the guise of equitable distribution. This would constitute a prohibited use of the funds as income for support and distribution as an asset. *Rohrer vs. Rohrer*, 715 A.2d 463 (Pa.Super.[]1998), *Cerny vs. Cerny*, 656 A.2d 507 (Pa.Super.[]1995). No evidence was presented addressing the likelihood of future loan repayments resulting from the bankruptcy, however, if any such payments are received, they must be classified as income for support purposes under Judge Schmehl's Order.

. . .

Husband also acquired real estate during coverture situated at 230 N. Fifth Street, Reading, Berks County, Pennsylvania. This real estate was acquired by Husband through a business entity entirely owned by him and contained the offices of Versimark. Husband testified that after Versimark was sold, there was insufficient cash flow to pay the mortgage on this property, therefore, the mortgage holder foreclosed and the property was sold at foreclosure sale. Husband testified he received no proceeds from said foreclosure. Wife offered no evidence

- 4 -

to the contrary. Wife did offer her opinion that with minor renovations, this real estate could have been rented and generated sufficient revenue to service the mortgage payment, the implication being that Husband willfully dissipated this asset. No specific proof of this position was presented and the Master also notes that it would have been more appropriate to raise this issue through the [c]ourt at the time the mortgage began to become delinquent. The Master declines to hold Husband responsible for any dissipation of this asset and finds that there is no marital equity in this asset.

. . .

There was no evidence presented either of any additional marital property or marital debt or of any additional non-marital assets in possession of either party.

Master's Report, at 3-9.

Both Husband and Wife filed exceptions to the Master's recommendation. On August 4, 2015, the trial court conducted a hearing on the exceptions. In an order dated August 20, 2015, with notice sent to the parties on August 24, 2015, the court denied Wife's exceptions and granted Husband's exceptions in part and denied them in part. On September 21, 2015, Wife filed a timely notice of appeal. On October 19, 2015, Wife filed a concise statement of reasons relied upon on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On November 17, 2015, the trial court issued a Rule 1925(a) opinion adopting the Master's Recommendation and Report as the court's reasoning for the August 20, 2015 decision and order.

Wife raises the following claims on appeal:

A. Did the [trial] court err by failing to award Wife any percentage of the $1,229,314.00 in actual cash Husband took from the couple's closely held corporation?

B. Did the [trial] court err by failing to award Wife any percentage of a "loan" husband "purchased" that – after a few certain and distinct payments Husband actually received were declared income for support purposes, repaid all principal and interest due directly to Husband?

C. Did the [trial] court err by failing to award Wife [alimony][2] pursuant to 23 Pa.C.S. § 3701(b)(1)-(17)?

D. Did the [trial] court err by failing to award Wife attorney's fees?

Appellant's Brief at 2.

This Court applies the following standard of review to orders regarding equitable distribution of marital property:

A trial court has broad discretion when fashioning an award of equitable distribution. **Dalrymple v. Kilishek**, 920 A.2d 1275, 1280 (Pa.Super.2007). Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is

_____

[2] Wife's appellate brief and 1925(b) statement argue that the trial court erred in failing to award "support." Prior to the entry of a divorce decree, a party may be entitled to either spousal support or alimony pendente lite, which are temporary orders. Pa.R.Civ.P. 1910.16-1(c)(1) ("Orders for spousal support and alimony pendente lite shall not be in effect simultaneously."); **McKeown v. McKeown**, 612 A.2d 1060, ___ (Pa.Super.1992), **overruled by statute on other grounds as noted in Jayne v. Jayne** 663 A.2d 169, 176 n.4 (Pa.Super.1995) ("spousal support provides living expenses for a dependent spouse prior to the resolution of the divorce" ); **Jayne**, 663 A.2d at 176 (alimony pendente lite is "payable during the pendency of a divorce proceeding"). Following the entry of a divorce decree, however, a court may only enter an order for permanent "alimony." 23 Pa.C.S. § 3701(a) ("Where a divorce decree has been entered, the court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary.")

"whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." *Smith v. Smith*, 904 A.2d 15, 19 (Pa.Super.2006) (citation omitted). We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. *Id.* This Court will not find an "abuse of discretion" unless the law has been "overridden or misapplied or the judgment exercised" was "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." *Wang v. Feng*, 888 A.2d 882, 887 (Pa.Super.2005). In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. *Id.* "[W]e measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." *Schenk v. Schenk*, 880 A.2d 633, 639 (Pa.Super.2005) (citation omitted).

*Biese v. Biese*, 979 A.2d 892, 895 (Pa.Super.2009).

Wife first claims Husband took money from Versimark and Wife should have been awarded a portion of this money. Appellant's Brief at 10-11. She claims Husband received $1,229,314.00 from Versimark in the form of loans, distributions, rental income from the Medical Arts Building, and deferred income. *Id.*

The trial court did not abuse its discretion or misapply the law when it did not award Wife any percentage of the money she alleges Husband received. Wife relied on financial statements, without any testimony interpreting the statements. Further, Wife does not establish that, if Husband did receive any distributions, they should be included as assets for distribution, particularly as Husband testified that he reported any distributions received as income for support purposes. N.T., 7/10/2014, at

33; ***Roher v. Roher***, 715 A.2d 463, 465 (Pa.Super.1998) ("money included in an individual's income for the purpose of calculating support payments may not also be labelled as a marital asset subject to equitable distribution"). Also, the trial court made a credibility finding regarding the financial decline of the company, finding Husband credible. ***See Busse v. Busse***, 921 A.2d 1248, 1255 (Pa.Super.2007) ("The fact-finder is in the best position to assess credibility of witnesses and we do not disturb credibility determinations on appeal."). Accordingly, this issue lacks merit.

Wife also claims Husband purchased loans from childhood friends, which he claimed became non-performing post-separation. Appellant's Brief at 11-12. Wife claims that Husband received all payments on the outstanding principal against one of the loans, and that she should be awarded 70% of this payment. Appellant's Brief at 11-12.

The trial court found that monthly payments Husband received were income for support purposes. Order, 9/17/2012. Regarding the loan payments, the Master found: "No evidence was presented addressing the likelihood of future loan repayments resulting from the bankruptcy, however, if any such payments are received, they must be classified as income for support purposes under Judge Schmehl's Order." Master Report, at 5.

Because any payment received from the loan would constitute income for support purposes, the trial court did not err in adopting the Master's finding that any payments received were not assets for distribution purposes. ***See Roher***, 715 A.2d at 465.

Wife next argues she should have been awarded alimony. Appellant's Brief at 12. She claims she sufficiently presented all that is necessary for an award, but does not discuss the evidence in her brief, or provide any citation to the record evidence. *Id.*

The Pennsylvania Divorce Code provides the following regarding alimony:

> **(a) General rule.--**Where a divorce decree has been entered, the court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary.
>
> **(b) Factors relevant.--**In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:
>
> (1) The relative earnings and earning capacities of the parties.
>
> (2) The ages and the physical, mental and emotional conditions of the parties.
>
> (3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.
>
> (4) The expectancies and inheritances of the parties.
>
> (5) The duration of the marriage.
>
> (6) The contribution by one party to the education, training or increased earning power of the other party.
>
> (7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.
>
> (8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S. § 3701. Further, when filing a complaint for alimony, a party should submit an expense statement. Pa.R.Civ.P. 1910.27. The expense statement is required if a party is going to present testimony as to his or her expenses. Pa.R.Civ.P. 1920.33(b)(6).

The Master found the following:

Wife has raised a claim for alimony. The Master carefully considered the evidence presented and the alimony factors set forth in Section 3701 of the Pennsylvania Divorce Code of 1980, as amended. Under Section 3710(a), alimony is

- 10 -

to [be] allowed only if it is necessary and under Section 2701(b)(13) the relative needs of the parties are required to be considered. The Master notes that Wife did not testify as to her economic needs nor did she offer into evidence an Expense Statement in the form required by [Pa.R.Civ.P. 1910.27(c)(2)(B),] that form being required by [Pa.R.Civ.P. 1920.33(b)(6)], as a requisite to testimony on expenses. The Master also recognizes that Wife has been receiving spousal support either through benefit of payments on her behalf or through Court Order since the parties' separation on January 17, 2009, a period of six years. The parties coverture was five years four and one-half months. For these reasons, the Master must recommend that Wife's claim for alimony be denied. As set forth previously in this Recommendation, the Master configured the equitable distribution award recognizing that Wife would not be receiving alimony.

Master's Report at 12.

This was not error and the trial court did not abuse its discretion in adopting the Master's recommendation to deny Wife's request for alimomy.[3]

_____

[3] This Court's standard of review for questions regarding alimony is abuse of discretion. *Isralsky v. Isralsky*, 824 A.2d 1178, 1188 (Pa.Super.2003) (citing *Simmons v. Simmons*, 723 A.2d 221 (Pa.Super.1998)). This Court has stated:

The purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." In determining the nature, amount, duration and manner of payment of alimony, the court must consider all relevant factors, including those statutorily prescribed for at 23 Pa.C.S.[] § 3701, Alimony, (b) Relevant Factors (1)-(17). Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay.

*(Footnote Continued Next Page)*

In her next issue, Wife argues she should have been awarded attorney's fees because Husband "enjoyed representation from two (2) firms through this matter and . . . engaged in every maneuver possible to minimize anything Wife is entitled to receive." Appellant's Brief at 12. She also argues that she should be awarded fees because of the disparity of income. *Id.*

Pursuant to Pennsylvania Rule of Civil Procedure 1920.33(b)(8),

> Within the time required by order of court or written directive of the master or, if none, at least sixty days before the scheduled hearing on the claim for the determination and distribution of property, each party shall file and serve upon the other party a pre-trial statement. The pre-trial statement shall include the following matters, together with any additional information required by special order of the court:
>
> (8) if there is a claim for counsel fees, the amount of fees to be charged, the basis for the charge, and a detailed itemization of the services rendered.

Pa.R.Civ.P.1920.33(b)(8).

The Master found the following:

> Wife has raised a claim for attorney's fees and costs. Wife presented no evidence in support of this claim. [Pa.R.Civ.P. 1920.33(b)(8)] requires that when a claim for counsel fees is raised, the party seeking the award must present evidence of the amount of fees to be charged, the basis for the charge, and a detailed itemization of the services rendered. Since no such evidence was presented,

*(Footnote Continued)* ————————————

*Id.* (quoting **Plitka v. Plitka***, 714 A.2d 1067, 1069 (Pa.Super.1998)) (internal citations and quotation marks omitted).

the Master must recommend that Wife's claim for attorney's fees and costs be denied.

Master's Report at 12. The trial court did not err in adopting the Master's recommendation to deny the request for attorney fees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2016